**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AIRBUS, S.A.S., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-07599 |
| | ) | |
| v. | ) | Judge |
| | ) | |
| ROCKWELL COLLINS, INC. | ) | Magistrate Judge |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Airbus, S.A.S. ("Airbus") hereby brings the present action against Rockwell Collins, Inc. ("Rockwell") for patent and trademark infringement and alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.      This Court may properly exercise personal jurisdiction over Rockwell since Rockwell, upon information and belief, has an established place of business within Illinois, and specifically within this District, and maintains continuous and systematic general business contacts with Illinois.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) as Defendant is subject to personal jurisdiction in this judicial district.

1

## NATURE OF THE ACTION

4.    This is an action by Airbus to combat and stop Rockwell's infringement of Airbus' Intellectual Property.   Specifically, Rockwell, through its predecessor-in-interest, offered for sale a seat configuration that infringes one of Airbus' patents.   Additionally, Rockwell, without Airbus' permission, has and continues to use one of Airbus' proprietary trademarks.

5.    As a direct and proximate result of Rockwell's unlawful and active offering for sale and/or selling such unlicensed, infringing seat configuration and by using one of Airbus' trademarks, Airbus has been irreparably harmed.   Airbus seeks a permanent injunction, damages, costs, and attorneys' fees.

### The Parties

6.    Airbus is a corporation organized and existing under the laws of France with a principal place of business in Blagnac, France.   Airbus is a global leader in aircraft manufacturing and design, including the design of interior compartments and seating configurations for aircraft, design of avionics systems and aircraft related services.

7.    Defendant Rockwell Collins, upon information and belief, is a corporation existing under the laws of Delaware having its principal place of business in Cedar Rapids, Iowa.   According to the Illinois Secretary of State's website, on or about October 10, 2017, Rockwell filed an annular report with the Illinois Secretary of State and accordingly, is authorized to do business in Illinois and does do business in Illinois.

8.    Upon information and belief Rockwell owns and/or operates a website located at: www.rockwellcollins.com ("Rockwell's Website").   Attached herewith as **Exhibit** A is a true and accurate printout of a page of Rockwell's Website which lists various offices in Illinois for

2

"Key Contacts" at Rockwell. At least one of the addresses for the various offices is within this District.

9.      Attached herewith as **Exhibit** B is a true and accurate printout of another page of Rockwell's Website which has a job listing for a position located at Chicago, Illinois. Exhibit B specifically states that the position is for "our team in Des Plaines, IL (RAD) (5060)." Upon information and belief, the "team" of Rockwell Collins in Des Plaines, Illinois has an address of 200 Howard Street, #242 Des Plaines, Illinois 60018.

10.      Upon information and belief, in 2017, Rockwell Collins acquired B/E Aerospace, Inc. ("B/E") a Delaware corporation with a principal place of business in Florida. B/E was a manufacturer of aircraft cabin interior products and services, including aircraft seats and seating configurations.

<strong>Plaintiff's Patents and Trademarks</strong>

11.      Airbus is an international pioneer in the aircraft and aerospace industries and is a leader in designing, manufacturing and delivering aircraft and aerospace products, services and solutions to customers on a global scale.

12.      Innovation is a driving force at Airbus, whereby Airbus promotes cutting-edge technologies and scientific excellence to contribute to global progress. Through its predecessor companies, Airbus has pioneered many of the technologies that helped conquer the skies and are now part of everyday life.

13.      As a result of its drive for innovation, Airbus has obtained over 37,000 patents throughout the world.

14. One of Airbus' patents is United States Patent No. 7,320,446 (the "'446 Patent") entitled, "Interior layout of an aircraft cabin." A true and correct copy of the '446 Patent is attached hereto as **Exhibit** C.

15. In 2016, Airbus became aware of a seat/seating configuration for sale from B/E called the "Horizon 8." A true and correct copy of photographs of the Horizon 8 seating configuration are attached hereto as collectively as **Exhibit** D.

16. On or about May 11, 2017, attorneys for Airbus sent a letter to B/E regarding the sale of the "Horizon 8" seat and the potential infringement of the '446 Patent by B/E. A true and correct copy of the May 11, 2017 letter is attached hereto as **Exhibit** E. Among other things, the May 11, 2017 letter sought written confirmation that B/E has not "will not use, sell, and offer for sale the Horizon 8 Seat in any arrangements that comprise inventions of the '446 Patent, such as seating arrangements for wide body aircraft in which seats such as those shown in the attached Exhibit A are arranged in six or eight columns separated by at least two rows…" See, Exhibit E. Additionally, the May 11, 2017 sought "drawings or photographs" associated with the Horizon 8 in a wide body aircraft. See, Exhibit E.

17. On or about June 26, 2017, an attorney at Rockwell Collins replied to the May 5, 2017 letter. A true and correct copy of the June 26, 2017 letter is attached hereto as **Exhibit** F. The June 26, 2017 letter did not provide any indication, representation, or confirmation that the Horizon 8 had not been offered for sale in association with a wide body aircraft. See, Exhibit F. Additionally, no additional drawings or photographs of the Horizon 8 seat were included with the June 26, 2017 letter. See, Exhibit F.

18. On or about August 8, 2017, attorneys for Airbus replied to the attorney at Rockwell Collins. A true and correct copy of the August 8, 2017 letter is attached hereto as

**Exhibit** G.   The August 8, 2017 letter repeated the request for "drawings or photographs of seating configurations, showing the full width of the aircraft and at least five rows of seats, for the Horizon 8 Seat that have been the subject of sales or offers to sell…"  See, Exhibit G.

19.   Upon information and belief, no response to the August 8, 2017 letter was ever sent by Rockwell.

20.   In addition to its innovation in the aircraft and aerospace industries, Airbus has become well known throughout the United States and elsewhere as a source of high quality products.  Accordingly, Airbus has adopted and used numerous trademarks to distinguish its goods and services.  One of the marks that Airbus has adopted and used in association with its goods and services is the mark AFDX.

21.   Specifically, Airbus has adopted and used and owns the trademark AFDX in connection with electronic communication systems for the aircraft and aerospace industries and related services.  The AFDX trademark has been used continuously since at least as early as May 2005 by Airbus and its predecessors-in-interest establishing common law rights in the United States.

22.   The AFDX trademark has become distinctive of the goods and services through Airbus' substantially exclusive and continuous use of the mark in commerce for at least the last 10 years.

23.   Since first using the AFDX trademark and developing goodwill associated with its AFDX trademark, Airbus has continuously sold electronic communication systems for the aircraft and aerospace industries and offered related services under the AFDX trademark.  Airbus has built substantial goodwill in the AFDX trademark.  The AFDX trademark is a valuable asset of Airbus.

24.     A true and correct copy of the search results for Rockwell's Website for the search term "AFDX" is attached hereto as **Exhibit** H.

25.     At least some of the uses of the trademark AFDX are not associated with Airbus' goods/services and/or are directed at parties that are not related or affiliated with Airbus and/or its customers.

26.     Airbus has not granted a license, or any other form of permission, to Rockwell for the '446 Patent.  Additionally, Airbus has not granted a license, or any other form of permission, to use its AFDX trademark as complained of herein.

## <u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,320,446</u>

### (35 U.S.C. § 271)

27.     Airbus repeats and alleges the allegations set forth in paragraphs 1 through 26 above, as if set forth fully herein.

28.     Upon information and belied, Rockwell, via B/E, has directly infringed and/or induced infringement of the '446 Patent, through at least the offer for sale of configurations claimed in the '446 Patent.  Specifically, Rockwell has offered for sale the Horizon 8 seats which, upon information and belief, in an arrangement that includes at least three columns of seats, with the seats arranged one behind the other in each of the columns of seats and each seat being convertible into a sleeper so as to present a stretched out sleeping surface, wherein all seats of the arrangement are turned in the same direction, each seat when converted into a sleeper presents a first sleeping portion and at least a second narrower sleeping portion with respect to the first portion, and in two neighboring columns of said at least three columns, the seats are staggered, so that the first part of a seat of a first column of said two neighboring columns is closer to the second narrower portion of a seat of a second column of said two

neighboring columns than to the first part of the seat of the second column, and the first portion of the seat of the first column is at substantially a same distance from a floor of the cabin as the first portion of the seat of the second column. Additionally, upon information and belief, the Horizon 8 seats were offered for sale for a wide body aircraft in which the arrangement of aircraft seats is longitudinally delimited by two aisles. Moreover, upon information and belief, the Horizon 8 seats were offered for sale for a wide body aircraft in which the seats of lateral columns present a longitudinal edge that is substantially a straight line on the side of the corresponding aisle.

29.     Therefore, based upon the foregoing, by offering for sale the Horizon 8, Rockwell, via B/E, has infringed at least claims 14 and 15 of the '446 Patent.

30.     Rockwell's actions and B/E's actions have been without license or permission from Airbus.

31.     Rockwell and B/E, on information and belief, have willfully, deliberately and intentionally infringed the claims of the '446 Patent.

32.     Rockwell's infringement of the '446 Patent has injured Airbus, and will cause Airbus further irreparable injury and damage in the future unless Rockwell is enjoined from such infringement.

## COUNT II – TRADEMARK INFRINGEMENT OF THE AFDX TRADEMARK

### (15 U.S.C. § 1125)

33.     Airbus repeats and alleges the allegations set forth in paragraphs 1 through 32 above, as if set forth fully herein.

34.     Airbus owns the exclusive rights to the AFDX trademark. Airbus' use of the AFDX trademark in the United States predates that of Rockwell's use.

35.     Notwithstanding Airbus' well known and prior common law and statutory rights in the AFDX trademark, Rockwell has, on information and belief, used AFDX as a trademark in conjunction with the sale, marketing, and transportation of electronic communication systems for the aircraft and aerospace industries in interstate commerce.

36.     Rockwell's use of the AFDX trademark without the authorization of Airbus is likely to deceive and cause confusion, mistake and deception among consumers or potential consumers as to the source or origin of Rockwell's goods and the sponsorship or endorsement of those goods and services by Airbus.

37.     Airbus has not authorized, licensed or otherwise condoned or consented to Rockwell's use of the AFDX trademark.

38.     Rockwell has misappropriated Airbus' substantial rights in and to the AFDX trademark, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Rockwell to gain an unfair competitive advantage over Airbus, enjoy the selling power of the AFDX trademark, allow Rockwell to interfere with Airbus' continued promotion and expansion of the AFDX trademark, and allow Rockwell to palm off its products as those being produced by, sponsored or authorized by Airbus.

39.     The acts of Rockwell alleged above were committed willfully, and on information and belief, with full knowledge of Airbus' rights and with the intention of deceiving and misleading the public.

40.     Rockwell's infringing activities will continue to cause irreparable injury to Airbus if Rockwell is not restrained by the Court from further violation of Airbus' rights. As a direct and proximate result of Rockwell's unlawful infringement, Airbus has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable but will be

8

proven at trial. Airbus is entitled to all available relief provided for in 15 U.S.C. §§ 1117 and 1125 including preliminary and permanent injunctive relief, damages, Rockwell's profits, costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Airbus prays that the Court enter an Order against Rockwell as follows:

1.      Awarding Airbus such damages as it shall prove at trial against Rockwell that are adequate to compensate Airbus for infringement of Airbus' '446 Patent, and all of the profits realized by Rockwell, or others acting in concert or participation with it, from Rockwell's unauthorized use and infringement of Airbus' '446 Patent;

2.      Ordering that such damages be trebled for the willful, deliberate and intentional infringement by Rockwell as alleged herein in accordance with 35 U.S.C. § 284;

3.      Finding that this case is exceptional and awarding Airbus its costs and attorneys' fees pursuant to 35 U.S.C. § 285;

4.      Awarding Airbus such damages as it shall prove at trial against Rockwell that are adequate to compensate Airbus for infringement of Airbus' AFDX trademark, and all of the profits realized by Rockwell, or others acting in concert or participation with it, from Rockwell's unauthorized use and infringement of Airbus' AFDX trademark;

5.      Awarding Airbus, as a result of Rockwell' use of Airbus' AFDX trademark, three times Airbus' damages there from and three times of Rockwell' profits there from pursuant to 15 U.S.C. § 1117;

6.      Awarding Airbus its reasonable attorney's fees and investigative fees pursuant to 15 U.S.C. § 1117;

7. Permanently enjoining and retraining Rockwell, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be from the following acts in the United States or in any other manner that effects U.S. commerce:

a. importing, offering for sale, or selling the Horizon 8 in any configurations that infringes Airbus' '446 Patent and which are not authorized by Airbus;

b. importing, offering for sale, or selling any other products not authorized by Airbus that infringes Airbus' '446 Patent;

c. infringing Airbus' AFDX trademark by importing, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any goods, including, but not limited to electronic communication systems for the aircraft and aerospace industries in interstate commerce and related services, bearing the AFDX trademark or variations thereof or any other simulation, reproduction, counterfeit, copy or colorable imitation of the AFDX trademark;

d. aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Airbus' '446 Patent or the AFDX trademark; and,

e. effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d);

8. Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Rockwell are authorized by Airbus, or related in any way to Airbus' products and services;

9.      Awarding Airbus its costs in bringing this action; and

10.     Awarding Airbus any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Airbus, S.A.S. hereby demands a trial by jury of all issues so triable.

Dated this 20th day of October 2017.


                                        Respectfully submitted,


                                        /s/ Kevin W. Guynn
                                        Kevin W. Guynn
                                        Amy C. Ziegler
                                        Patrick J. Smith
                                        Greer, Burns & Crain, Ltd.
                                        300 South Wacker Drive, Suite 2500
                                        Chicago, Illinois 60606
                                        312.360.0080 / 312.360.9315 (facsimile)
                                        kguynn@gbc.law
                                        aziegler@gbc.law
                                        psmith@gbc.law

                                        *Counsel for Plaintiff Airbus S.A.S.*